MIDDLESEX FURNITURE COMPANY, INCORPORATED, PLAINTIFF-APPELLEE, v. SAMUEL TURNER AND ESTHER TURNER, DEFENDANTS-APPELLANTS.

Submitted March 13, 1925—Decided June 18, 1925.

**Sale of Goods—Warranty—Defendants Purchased Furniture With Warranty That if Moth Holes Were Found They Would Be Made Good—Upon Complaint, Plaintiff's Agent Found One Hole, Which Was Repaired—Defendant Claims Repair Was Not Satisfactory, and That There Were Other Holes—Claim Not Supported by Evidence—Judgment For Plaintiff Affirmed.**

On appeal from the District Court of the city of New Brunswick.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellants, *Louis L. Hendler* and *August C. Streitwolf*.

For the appellee, *Morris Spritzer* and *A. Dudley Watson*.

PER CURIAM.

Samuel Turner and Esther Turner, the defendants-appellants, on July 19th, 1924, purchased of the Middlesex Furniture Company, Incorporated, plaintiff-appellee, a three-piece mohair suite of furniture at the agreed price of $260, part of which, namely, $50, the defendants-appellants paid on the date of purchase, leaving a balance of $210 to be paid several days thereafter. It was for this balance that suit was brought.

At the trial it appeared that the plaintiff, through its agent, at the time of sale, stated that if any moth holes were found in the furniture the plaintiff would guarantee to make it all right. Upon this statement the defendants rely as constituting a warranty.

It further appeared that when the plaintiff was notified that the furniture was found defective, they immediately sent an agent to examine the furniture, who found one piece defective, which piece · was removed and repaired, and then returned to the home of the defendants, and that, after such repaired piece was returned to the defendants, they retained their furniture in their living-room in regular use by the family and guests up to the time of the trial in the court below, a period of several months.

· The trial judge, sitting without a jury, rendered judgment for the plaintiff, after finding (among other things) "that whatever warranty was made on the part of the plaintiff respecting the furniture was made good by the repairs which the plaintiff made to the furniture."

We think that there was sufficient proof to support the finding of the trial court that there was a compliance with the warranty.

Plaintiff agreed that if there were any defects in the furniture they would make it all right. It is true that defendants testified that their first inspection disclosed that all three pieces were moth-eaten, but the testimony also was to the effect that plaintiff's agent, who was sent when complaint was made, found only one piece defective. Defendants admitted that this piece was repaired and returned, and that thereafter the entire suite of furniture was kept and used in the defendants' living-room for several months before suit was brought.

It is true that the defendants testified that they were not satisfied after repairs were made, and offered to return the furniture, but there was no testimony to show whether their dissatisfaction was due to insufficient repair, or whether to a newly-grown dislike of the suite in general, for which the plaintiff was not responsible.

The judgment below will be affirmed, with costs.